UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **BRENDA MATTHEWS** | : | **DOCKET NO. 5:22-cv-04942** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **ALLSTATE VEHICLE & PROPERTY INSURANCE CO.** | : | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a lawsuit in which the sole plaintiff is now deceased. For the reasons set forth below, the court recommends this matter be **DISMISSED** pursuant to Rule 25(a) of the Federal Rules of Civil Procedure.

### I.
#### BACKGROUND

The firm McClenny Moseley & Associates, PLLC ("MMA") filed this suit on plaintiff's behalf, alleging plaintiff's property was damaged in 2020 by Hurricanes Laura and Delta and defendant provided a policy of insurance covering that damage. Doc. 1. Plaintiff became a *pro se* litigant by operation of an order of this court styled "Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters" (the "Termination Order"). Doc. 19. The court held a status conference on June 13, 2023, in Shreveport, Louisiana. Doc. 20. Plaintiff appeared for the status conference. *Id.*

On July 17, 2023, Sheena Matthews and Eugene Matthews, purporting to be plaintiff's children, filed a suggestion of death into the record, indicating plaintiff had died. Doc. 22. Attached to the notice is a letter from the Caddo Parish Coroner's Office, which states plaintiff

died on June 17, 2023. Doc. 22, att. 1.[1]  Also attached to the notice is a request that all case-related communications be sent to the address set forth therein.  *Id.*, att. 2.

On October 18, 2023, the court ordered defendant to file proper notice of plaintiff's death into the record and to serve the appropriate parties and non-parties. Doc. 23.  On October 24, 2023, defendant filed a document styled *Defendant's Notice of Motion to Substitute Pursuant to FRCP 25*, the text of which claims to "provide[] notice of a statement noting the death of plaintiff." Doc. 24.  Attached to this document are an affidavit by defense counsel certifying his efforts to serve the notice upon plaintiff's children [doc. 24, att. 2, p. 4] and the letters sent to plaintiff's children at the address provided in plaintiff's children's previous filing [*Id.* at pp. 1–3]. The court then issued an additional order on October 25, 2023, acknowledging defendant's efforts and directing plaintiff's children to file a motion for substitution by January 23, 2024 (i.e., within 90 days). Doc. 25.  This order also was mailed by the court to plaintiff's children at the address they previously provided.  As of the date of this Report and Recommendation, plaintiff's children have not filed any such motion.

## II.
### LAW AND ANALYSIS

Rule 25 of the Federal Rules of Civil Procedure "states that when a party dies and the claim is not extinguished, a statement noting death must be served on parties in accordance with Rule 5 and on non-parties in accordance with Rule 4." *Sampson v. ASC Indus.*, 780 F.3d 679, 681 (5th Cir. 2015) (citing Fed. R. Civ. P. 25(a)) (emphasis omitted).  After the service of the suggestion of death, a motion for substitution of the proper party must be made within ninety days or "the action by or against the decedent *must* be dismissed." Fed. R. Civ. P. 25(a)(1) (emphasis added).

---

[1] Defendant acknowledges the death of plaintiff. Doc. 24.  The court takes judicial notice of the fact that plaintiff died on June 17, 2023, pursuant to Rule 201(c)(1) of the Federal Rules of Evidence.

The Fifth Circuit has held that a suggestion of death must be personally served on a deceased plaintiff's successor or representative before the ninety-day clock can begin to run on the deceased plaintiff's action. *Sampson*, 780 F.3d at 683. This service is necessary because "'[p]ersonal service of the suggestion of death alerts the nonparty to the consequences of death for a pending suit, signaling the need for action to preserve the claim if so desired.'" *Bradford v. Hyosung Am.*, No. 4:22-cv-218, 2023 WL 2546994, at *2 (E.D. Tex. Feb. 22, 2023) (quoting *Lewis v. Flowers*, No. 1:15cv116, 2016 WL 7265046, at *2 (S.D. Miss. Dec. 15, 2016)).

In accordance with Rule 25(a), defendant personally served a statement of the death of plaintiff upon the non-parties Sheena Matthews and Eugene Matthews at the address provided by them in their suggestion of death. Doc. 23; *see* doc. 25 (acknowledging service). More than ninety days have passed since that service. The court's deadline imposed on the non-parties Sheena Matthews and Eugene Matthews for filing the motion to substitute likewise has passed. To date, however, no motion to substitute has been filed. Consequently, plaintiff's claims must be dismissed.

### III.
### CONCLUSION

For these reasons, **IT IS RECOMMENDED** that this matter be **DISMISSED** under Rule 25(a) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved

party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 11th day of March, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE